# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-12-232-R |
| ) | CIV-16-602-R |
| JOSEPH C. PALMER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 147). Defendant argues that his sentence should be reduced in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015).

On November 2, 2012, Defendant pled guilty to a single count of conspiracy in violation of 21 U.S.C. § 846, charged by Information. On February 11, 2013 the Court sentenced Mr. Palmer to 180 months imprisonment. Defendant has filed a § 2255 motion wherein he alleges that the sentence imposed by the Court is unconstitutional in light of *Johnson*. In *Johnson*, the Supreme Court concluded that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") violates the Due Process Clause of the Constitution of the United States of America. ACCA provides for sentencing enhancement if a defendant "has three or more earlier convictions for a 'serious drug offense' or a 'violent felony." 18 U.S.C. 924(e). The "crime of violence" prong came under fire in *Johnson*, because its definition included the phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another." The Supreme Court held that § 924(e)(2)(B)(ii)'s residual clause "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee

of due process." *Id.* at 2563.

Defendant herein was not sentenced pursuant to the residual clause of *Johnson*. Rather, his sentence was subject to enhancement pursuant to Section 4B1.1 of the 2012 United States Sentencing Guidelines Manual:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Defendant was convicted of a controlled substance offense and was at least eighteen years old at the time he committed the offense involved herein. However, he had two prior felony convictions for controlled substance offenses, not crimes of violence. Controlled substance offense is defined in 4B1.2 to mean "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Defendant was convicted in Case No. CF-2000-36, District Court of Lincoln County of unlawful possession of a controlled substance with intent to distribute methamphetamine. He was convicted of manufacturing a controlled dangerous substance/possession of material with the intent to manufacture methamphetamine in the District Court of Creek County in Case No. CF-2008-197. Because Defendant relies on *Johnson* and he was not sentenced under any provision of the Sentencing Guidelines that arguably invokes a residual clause so as to make *Johnson* applicable herein, he is not entitled to relief on his § 2255 motion. Accordingly, the motion is hereby DENIED.

IT IS SO ORDERED this 8th day of June, 2016.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE